**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 2004**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

COLLEEN BLACKBEAR, MARGARET
BLACKBEAR, MARIEA BLACKBEAR,
SAMMY BLACKBEAR, SR., ABBY
BULLCREEK, LISA BULLCREEK,
MARGENE BULLCREEK, EDWIN CLOVER,
LESLIE DAWN EAGLE, EDITH KNIGHT,
LENA KNIGHT, ADRIAN MOON, DELFORD
MOON, EDGAR MOON, MARLINDA
MOON, LINDA CLOVER RIVERA,
STEPHANIE E. VIGIL, and DENISE WASH,

    Plaintiffs-Appellants,

v.

GAIL A. NORTON, Secretary of the United
States Department of the Interior; UNITED
STATES DEPARTMENT OF THE INTERIOR;
THE BUREAU OF INDIAN AFFAIRS;
WAYNE NORDWALL, Phoenix Area Director,
Bureau of Indian Affairs; ALLEN J.
ANSPACH, Acting Superintendent of Uintah
and Ouray Agency, Bureau of Indian Affairs,

    Defendants-Appellees.

No. 02-4230
(D.C. No. 2:01-CV-317-PGC)
(D. Utah)

## ORDER AND JUDGMENT*

---

    *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, **McKAY** and **McCONNELL,** Circuit Judges.

Plaintiffs in this case are members of the Skull Valley Band of Goshute Indians, a federally recognized tribe located in western Utah. They brought suit in district court challenging a variety of governmental and tribal actions surrounding the Bureau of Indian Affairs' (BIA) conditional approval of a lease between their tribe and Private Fuel Storage, L.L.C., for placement of a spent nuclear fuel storage facility on the Skull Valley Indian Reservation. The district court dismissed their suit, and we affirm.

Plaintiffs' complaint and appeal "set forth a cornucopia of accusations, allegations, and claims . . . ." Aple. Br. at 2. Some of the issues raised in plaintiffs' appeal concern events which occurred after the filing of their complaint and thus were not considered by the district court. Rec., vol. II, doc. 1, at 27. Consequently, we do not review those issues on appeal. *FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999). Many of plaintiffs' assertions of injustice at the hands of tribal leaders and Department of Interior officials are vague or overly broad, making them inappropriate for judicial resolution. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To the extent plaintiffs raise concrete issues on appeal, they challenge the BIA's conditional approval of the lease between the Skull Valley Band of Goshute Indians and Private Fuel Storage, L.L.C., and the recognition of a competing faction as the legitimate tribal government in the

-2-

course of that conditional approval. For the following reasons, neither issue is properly before this court.

In September 2000, several of the plaintiffs in this case appealed the BIA's conditional approval of the fuel storage lease to the Western Regional Director of the BIA. In May 2001, they filed this lawsuit. In August 2001, the Western Regional Director issued an opinion denying plaintiffs' requested relief. Several plaintiffs appealed to the Interior Board of Indian Appeals (IBIA), and that appeal is pending. Several did not appeal.

Defendants in this case were all sued in their official capacities. Rec., vol. II, doc. 1, at 11. The only viable means that plaintiffs advocate for overcoming defendants' sovereign immunity is the Administrative Procedures Act (APA). Yet in order to take advantage of the APA's abrogation of immunity, plaintiffs must exhaust administrative remedies and challenge a final agency action. *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 549 (10th Cir. 2001). Neither those plaintiffs whose appeal to the IBIA is pending nor those who chose not to appeal can point to a final agency action upon which to base their claim. *See* 43 C.F.R. § 4.314(a) ("No decision of . . . a BIA official, which at the time of its rendition is subject to appeal to the Board, will be considered final so as to constitute agency action subject to judicial review . . . ."). Because plaintiffs have failed to exhaust administrative remedies in their challenge to the BIA's

conditional lease approval, this court cannot review that claim.

Several elections and recall elections have led to bitter disputes over tribal leadership. The proper method for contesting these election results, however, is to file a complaint with the Secretary of the Interior. *See* 25 C.F.R. § 81.22. Until plaintiffs make such a filing, exhaust administrative remedies, and present this court with a final agency action, their claims regarding legitimate tribal leadership will meet the same fate as those concerning the fuel storage lease.

Plaintiffs claim they need not exhaust administrative remedies because their claims are constitutional in nature and thus impervious to assertions of sovereign immunity. Contrary to plaintiffs' contention, requests for injunctive and declaratory relief grounded in constitutional rights are not categorically excepted from sovereign immunity analysis. It is true that in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), the Supreme Court recognized an exception to sovereign immunity's general bar to suits against federal officers where the officer's conduct is "not within the officer's statutory powers, or, if within those powers, only if the powers, or their exercise in a particular case is constitutionally void." *Id.* at 702. *See also Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). However, this exception is unavailable "if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the

disposition of unquestionably sovereign property." *Painter v. Shalala*, 97 F.3d 1351, 1358 (10th Cir. 1996) (quoting *Larson*, 337 U.S. at 691 n.11). *See also United Tribe of Shawnees*, 253 F.3d at 548. So far as plaintiffs make discernable requests for relief, they do not fall within the *Larson* exceptions to the sovereign immunity bar.

Plaintiffs remaining claims–those which could be construed as requesting mere "cessation of the conduct complained of"–are exceedingly vague. These expressions of general dissatisfaction with governmental behavior do not clearly implicate any particular official, and we therefore construe the claims to be against the BIA and Department of Interior. Plaintiffs' repeated contention that the constitutional nature of the claims saves them from exhaustion requirements is no more convincing in this context. We have previously held that constitutional claims against federal agencies can be heard in federal court prior to administrative exhaustion, only where those claims are "collateral to the substantive issues of the administrative proceedings." *Harline v. Drug Enforcement Agency*, 148 F.3d 1199, 1203 (10th Cir. 1998). In this case, plaintiffs' constitutional claims appear to be central, not collateral, rendering this exception to exhaustion inapplicable. Having failed to exhaust administrative remedies, plaintiffs cannot bring these claims in federal court.

For the foregoing reasons, none of the plaintiffs claims can be reviewed by

this court at this time. We therefore **AFFIRM** the district court's dismissal of this action.[1]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]Both parties have filed supplemental materials which were not before the district court. Rule 28(j) is an inappropriate means of making additions to the evidentiary record. *See Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) ("Rule 28(j) . . . is not designed to bring new evidence through the backdoor."). We have not considered this additional material in deciding this appeal. The parties' motions to strike are denied as moot.